BATTERSBY v. LOBSINGER

Injunction—Jurisdiction—Petition.
 Jurisdiction is conferred upon a circuit court to issue injunctive relief upon a filing of a petition for an injunction supported by affidavit, without instituting an action by filing a complaint and a summons being issued (GCR 1963, 718.2[1]).

Appeal from Wayne, Edward F. Bell, J. Submitted Division 1 March 3, 1971, at Detroit. (Docket No. 9760.) Decided April 1, 1971.

*Ex parte* application by Father Edmund Battersby, Pastor of St. Monica Catholic Church, against Donald Lobsinger for a temporary restraining order to prevent Donald Lobsinger from entering upon the church premises and interfering with the conduct of church activities. Temporary restraining order granted and an order to show cause why it should not be made permanent entered. Defendant's motion to dismiss denied and a permanent injunctive order entered. Defendant appeals. Affirmed.

*Garan, Lucow, Miller & Lehman* (by *David J. Cooper*), for plaintiff.

*Davidow & Davidow* (by *Larry S. Davidow*), for defendant.

---

REFERENCE FOR POINTS IN HEADNOTE
42 Am Jur 2d, Injunctions §§ 263, 269.

Before: V. J. BRENNAN, P. J., and QUINN and
O'HARA,* JJ.

PER CURIAM. Defendant appeals from the grant
of a permanent injunctive order and from the order
denying his motion to dismiss. He states the single
issue raised on appeal as:

"Is jurisdiction conferred upon a circuit court to
issue injunctive relief upon a mere filing of a peti-
tion for an injunction, without instituting an action
by filing a complaint and a summons being issued?"

April 15, 1970, plaintiff filed an *ex parte* applica-
tion for a temporary restraining order with sup-
porting affidavits and a request for an order to show
cause why the temporary restraining order should
not be made permanent. The same day an order to
show cause why the *proposed* temporary restraining
order should not be made permanent was entered.
This order called for defendant's appearance on
April 16, 1970, at 2 p.m. to show cause as ordered,
and the order was served on defendant April 15,
1970, at about 11:45 a.m.

April 16, 1970, a temporary restraining order was
entered by consent of the parties, and it required
defendant to show cause April 22, 1970, at 2 p.m.
why the temporary restraining order should not be
made permanent. April 22, 1970, defendant filed a
motion to dismiss, supported by his affidavit. There-
after, the orders appealed from were entered.

The gist of defendant's argument below and on
appeal is that plaintiff commenced no action because
he filed no complaint as required by GCR 1963, 101.
Hence, the trial court acquired no jurisdiction.

---

*Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

Plaintiff contends that he proceeded under GCR 1963, 718, and that it permits commencement by application supported by affidavit. We agree with plaintiff.

A reading of entire rule 718, which is part of a separate chapter of the rules relating to special proceedings, convinces us that the circuit court may entertain jurisdiction of injunctive matters on application supported by affidavit. Especially pertinent is GCR 1963, 718.2(1):

"Except as otherwise provided by statute or these rules, no preliminary injunctions may be granted until hearing on a motion or order to show cause why a preliminary injunction should not issue. *If it clearly appears from specific facts shown by affidavit or by a verified complaint* that immediate and irreparable injury, loss or damage, or physical injury will result to the applicant, a restraining order may be issued ex parte pending the hearing on the motion or order to show cause."

Affirmed with costs to plaintiff.